K.K. HALL, Circuit Judge:
Michael E. Heisley and U.I.P., Inc. (“Heisley”) appeal from the district court’s order affirming the decision of the bankruptcy court denying Heisley’s motion to dismiss debtors’ bankruptcy cases for bad faith filing. We affirm.
I.
U.I.P. Engineered Products Corp. (“UIPE”) and Harry Davies Molding Company (“Harry Davies”) are wholly-owned subsidiaries of Eastmet Corporation (“East-met”), a steel company located in Baltimore, Maryland. By January, 1985, East-met had defaulted on approximately $60,-000,000 in secured obligations and was working with its secured creditors in an effort to avoid bankruptcy. In furtherance of this goal, a decision was made for East-met to sell its Eastmet Industrial Products Group (“the Group”), consisting of UIPE, Harry Davies, Zalk Josephs Fabricators, Inc. (“Zalk”) and two unincorporated divisions of Eastmet.
On or about November 1, 1985, Heisley entered into a purchase agreement with Eastmet, Harry Davies, UIPE and Zalk in which Heisley was to acquire the operating assets of the Group.[1] The contract was to terminate if a closing was not attained by December 16, 1985. As that date approached, Eastmet, after apparently reassessing its financial position, decided that retention of the Group was essential to its continued viability and refused to carry out the terms of the agreement. Consequently, the sale of the Group to Heisley was never consummated.[2]
On December 19, 1985, Heisley filed suit in the Circuit Court of Cook County, Illinois, against Eastmet, Harry Davies, Zalk, and UIPE, seeking specific performance of the purchase contract and damages for delay. On January 6, 1986, Eastmet filed a voluntary petition for reorganization in United States Bankruptcy Court for the District of Maryland. Eastmet, on January 17, 1986, removed the Illinois litigation to the United States District Court for the Northern District of Illinois and attempted to transfer the entire case to the bankruptcy court. On January 22, 1986, Eastmet filed a motion in bankruptcy court to reject the Heisley contract. The district court severed the case, remanding the litigation against Harry Davies, UIPE and Zalk to the state court and transferring the remainder of the case against Eastmet to the bankruptcy court. Eastmet then, on March 12,1986, attempted to extend the automatic stay, pursuant to 11 U.S.C. § 362, to in- *56 elude the Illinois litigation involving UIPE, Harry Davies and Zalk, but this motion was denied by the bankruptcy court.
On April 21,1986, the Illinois court decided in favor of Heisley on his claim for specific performance. Just hours before the order was to be entered, however, UIPE and Harry Davies filed for Chapter 11 reorganization. Consequently, judgment in the Illinois court was entered only as to Zalk.[3]
On May 14, 1986, Heisley moved to dismiss the bankruptcy cases of UIPE and Harry Davies, alleging that they were filed in bad faith. The bankruptcy court denied appellants’ motion and the district court affirmed.
This appeal followed.
II.
On appeal, appellants contend that the district court erred as a matter of law in affirming the bankruptcy court’s denial of their motions to dismiss the bankruptcy petitions of Harry Davies and UIPE. Specifically, appellants argue that the timing of the debtors’ bankruptcy filings, coupled with their admission of solvency, is conclusive evidence of abuse of the bankruptcy process. We disagree.
Whether Harry Davies and UIPE independently demonstrated good faith in filing for bankruptcy is simply not relevant to this dispute. The ultimate question in this appeal is whether these wholly-owned subsidiaries should have been included in their parent company’s bankruptcy estate, when the parent company had filed in good faith for Chapter 11 reorganization. Under the circumstances, it was clearly sound business practice for Eastmet to seek Chapter 11 protection for its wholly-owned subsidiaries when those subsidiaries were crucial to its own reorganization plan.[4] The bankruptcy court later recognized that its initial denial of Eastmet’s Motion to Extend the Stay as to the Illinois litigation to include Harry Davies, Zalk, and UIPE was error. In denying appellants’ motions to dismiss appellees’ bankruptcy petitions, the bankruptcy court admitted, on June 4,1986, that its earlier decision of March 12, 1986, was “fundamentally incorrect.”[5] The bankruptcy court correctly, if somewhat belatedly, recognized that there existed an “identity of interest” between Eastmet and its wholly-owned subsidiaries that justified the protection of the subsidiaries as well as the parent corporation. See A.H. Robbins v. Piccinin, 788 F.2d 994 (4th Cir.), cert. denied, — U.S. -, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986).
It was clearly Congress’ intention to allow a parent and its subsidiaries “to be reorganized in a single proceeding, thereby effectuating its general policy that the entire administration of an estate should be centralized in a single reorganization court.” Duggan v. Sansberry, 327 U.S. 499, 510-11, 66 S.Ct. 657, 662-63, 90 L.Ed. 809 (1946). In this case, Eastmet’s March 12, 1986, Motion to Extend the Stay should have been granted in order that Harry Davies, Zalk and UIPE be protected, along with Eastmet, from the Illinois lawsuit. In denying that motion, the bankruptcy court committed error. Directing its subsidiaries to file for bankruptcy was simply East-met’s alternative means of seeking the protection to which it was entitled under the Bankruptcy Code. We hold, therefore, that the district court properly affirmed the bankruptcy court’s denial of Heisley’s motions to dismiss the bankruptcy petitions of Harry Davies and UIPE.
III.
For the foregoing reasons, the order of the district court affirming the bankruptcy *57 court’s denial of Heisley’s motion to dismiss the debtors’ bankruptcy cases is affirmed.
AFFIRMED.

. Heisley formed UIP, Inc., a Nevada corporation, for the purpose of purchasing the assets of the Group and conducting the transactions here

. Eastmet and the Group contended that the contract automatically terminated, a point which was disputed by Heisley.

. At Eastmet’s instructions, the Directors of Harry Davies, UIPE and Zalk had made a prior determination as to the adverse effects which a Chapter 11 filing would have on their businesses. The Zalk directors determined that filing bankruptcy would have a substantial adverse effect on its operations and therefore decided not to file for reorganization.

. "[I]t is not uncommon for affiliated debtors to file Chapter 11 petitions.” L. King, Collier Handbook for Trustees and Debtors in Possession, 24-40 (1987).

. The bankruptcy court reached this conclusion after examining this Court's decision in A.H. Robbins Company v. Piccinin, 788 F.2d 994 (4th Cir.), cert. denied, — U.S.-, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986).